UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KNOWME SYSTEMS, INC., | **Civil Action No. 15-cv-8907** |
| Plaintiff, | |
| v. | **DEMAND FOR TRIAL BY JURY** |
| APPUSEND, LLC | |
| Defendant. | |

Plaintiff KnowMe Systems, Inc. ("KnowMe Systems" or "Plaintiff"), by and through its undersigned counsel, for its complaint against AppUsend, LLC ("AppUsend" or "Defendant") allege as follows:

## NATURE OF THE ACTION

1.　This is a civil action for federal trademark infringement under Section 32 of the Trademark Act of 1946 ("Lanham Act"), 15 U.S.C. § 1114, common law trademark infringement, false designation of origin under Section 43(a)(1) of the Lanham Act, 15 U.S.C. § 1125(a)(1) and unfair competition under New York state law.

2.　Plaintiff brings this action for injunctive relief and damages caused by Defendant's unauthorized use of trademarks and trade names that are substantially and confusingly similar to Plaintiff's KNOWME trademark, as used on, or in connection with, a software application for online social networking that causes a likelihood of confusion with KnowMe Systems' own social networking software application.

3.　Plaintiff seeks remedies afforded under the Lanham Act and New York state common law, including injunctive relief, damages and an award of costs including attorneys' fees.

## THE PARTIES

4.      Plaintiff KnowMe Systems is a corporation organized and existing under the laws of

Delaware, with its principal place of business located at 270 Lafayette Street, New York, New

York 10012.

5.      KnowMe Systems is a software and social networking business that is dedicated to

helping people share and connect.  To that end, Plaintiff has created and distributed a software

application designed, in part, for use with mobile phones and devices and an online social

networking service, which is advertised, promoted, distributed, offered for sale and sold under

Plaintiff's trademark KNOWME.  Plaintiff currently provides its software and services through

the internet website www.knowme.com ("KnowMe Website"), which is owned and operated by

Plaintiff.

6.      Upon information and belief, Defendant AppUsend, LLC is a corporation organized and

existing under the laws of Delaware with its principal place of business located at 7100 E.

Pleasant Valley Road, Suite 120, Independence, Ohio  44131.

7.      Upon information and belief, Defendant AppUsend operates as a technology company

that is in the business of creating, advertising, promoting, distributing, offering for sale and/or

selling software applications and other products and services to the general public throughout the

United States, including in this District, for use on mobile phones and devices.

## JURISDICTION AND VENUE

8.      This is an action for, *inter alia*, federal trademark infringement under Section 32 of the

Lanham Act, 15 U.S.C. § 1114, common law trademark infringement, false designation of origin

under Section 43(a)(1) of the Lanham Act, 15 U.S.C. § 1125(a)(1) and unfair competition under

New York state law.

2

9.      Accordingly, this Court has original jurisdiction over the subject matter of this action under Sections 34(a) (injunctive relief) and 39(a) (original jurisdiction) of the Lanham Act, 15 U.S.C. §§ 1116(a) and 1121(a).  Additionally, this Court has supplemental jurisdiction over the related state common law claim under 28 U.S.C. § 1367(a).

10.     This Court has personal jurisdiction over Defendant by virtue of its doing business in New York by marketing, selling, distributing and attempting to sell and distribute, infringing products and/or services in New York. N.Y. C.P.L.R. § 302(a).

11.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) and (3), as, upon information and belief, a substantial part of the events or omissions giving rise to the claim occurred in New York and Defendant is subject to personal jurisdiction in this District.

## FACTUAL BACKGROUND

### A.      The KNOWME trademark, software and social networking service

12.     The concept for Plaintiff's KNOWME software and service was developed in mid-2013 by Mr. Andrew Jarecki and later continued with various collaborators and employees. Plaintiff's KnowMe software and service serves as a video creation tool and social networking service in which members create and share, among other things, personal messages using photographs, video music and other elements. Plaintiff provides software, services and a website to facilitate the distribution and use of the products and services offered under the KNOWME trademark.

13.     Once a user registers and logs in using their phone number and a unique code provided to them by Plaintiff, that user may access the various functionalities of Plaintiff's KnowMe software, including, but not limited to, the KnowMe creation tool, the ability to create a unique user profile, to "follow" friends and others users of the KnowMe service, to create groups within the KnowMe service and access other internet-based features on mobile phones and devices as well as computers.

14.     In December 2014, Plaintiff publicly released the first version of the KnowMe

downloadable software application for smartphones and tablet computers

("KnowMe Application"). The KnowMe Application was publicly launched via a combination

of email and text message invitations to hundreds of consumers within the United States

allowing those consumers to download the KnowMe Application. Visitors to the

KnowMe Website are able to input their email address to receive invitations to begin using the

KnowMe service. The KnowMe Application is provided free to consumers, can be downloaded

to IOS mobile devices, and will soon be available for use on Android-based mobile devices. A

representative copy of a text message invitation that was sent to consumers when the KnowMe

software was publicly launched is attached as **Exhibit 1**.

15.     Plaintiff is the owner of U.S. Trademark No. 4,782,767 for the mark KNOWME®, as

well as several additional applications pending before the U.S. Patent and Trademark Office

("USPTO") for the KNOWME trademark.  Specifically, KnowMe Systems is the owner of the

following United States registration and applications for registration of the

KNOWME trademark on the Principal Register of the USPTO:

| TRADEMARK | REGISTRATION/ APPLICATION NO. AND FILING DATE | CLASSES |
|---|---|---|
| KNOWME | Reg. No. 4,782,767<br><br>Filed: January 16, 2014<br>Registered: July 28, 2015 | **Class 9**: *Computer software for mobile devices and computer devices to enable uploading, creating, posting, editing, showing, displaying, blogging, sharing and transmitting of electronic media, videos, or information over the internet and other communications networks; downloadable software to enable uploading, creating, posting, editing, showing, displaying, blogging, sharing and transmitting of electronic media, videos, or information over the internet and other communications networks* |
| KNOWME | 86167715<br><br>January 16, 2014 | **Class 38**: *Telecommunication services, namely, transmission of voice, data, images, audio and video by means of telecommunications networks, wireless communication networks, and the internet; provision of access to an online community forum for users to share information, audio and video content, to form virtual communities, and to engage in social networking* |

| TRADEMARK | REGISTRATION/ APPLICATION NO. AND FILING DATE | CLASSES |
|---|---|---|
| KNOWME | 86167721<br><br>January 16, 2014 | **Class 42**: *Providing a website featuring technology that enables users to upload, create, post, edit, show, display, blog, share and transmit electronic media, videos, or information; providing temporary use of online non-downloadable software to enable uploading, creating, posting, editing, showing, displaying, blogging, sharing and transmitting of electronic media, videos, or information; providing a web hosting platform allowing users to upload, post, display, and share videos and digital content; creating an online community for registered users to engage in social networking; application service provider featuring application programming interface (API) software for the integration of video content into websites, applications, and third-party software* |
| KNOWME | 86167724<br><br>January 16, 2014 | **Class 45**: *Online social networking services; providing a social networking website for entertainment purposes; internet-based social networking services allowing users to communicate and share, store, transmit, view, and download text, images, audio and video content, and other multimedia materials* |

(the "KnowMe Tradmarks").  True and accurate copies of the certificate of registration and

applications for registration of the KNOWME trademark are attached as **Exhibit 2**.

16.     Plaintiff has consistently and prominently displayed and advertised the

KNOWME Trademarks in connection with Plaintiff's software and Plaintiff's related services

since its launch and release to the public in December 2014.

17.     As a result, in addition to Plaintiff's federal registration, Plaintiff has common law rights

in, and to, the KNOWME trademark for, among other things, software applications and online

social networking services since at least as early as December 2014.

18.     Plaintiff has made a significant investment, in terms of time, effort and money, in

creating, promoting and advertising the KNOWME Trademarks in connection with the

KNOWME software, website and associated services.

19.     As a result of Plaintiff's investment of time and effort in promoting and providing the

software and services offered and sold under the KNOWME Trademarks, the

KNOWME Trademarks are distinctive and is entitled to a broad scope of protection.

**B.     Defendant's Infringing Acts**

20.     Upon information and belief, Defendant is in the business of creating, advertising,

promoting, distributing, offering for sale and/or selling software applications to the general

public throughout the United States, including in New York and in this District.

21.     Upon information and belief, Defendant launched a software application on about June

18, 2015 entitled "Share KnoMe," (the "Infringing KnoMe Mark"), and began offering and

distributing the software application using and displaying the Infringing KnoMe Mark through

Apple's App Store on or about July 23, 2015.

22.     Upon information and belief, in addition to the Infringing KnoMe Mark, Defendant

subsequently began using a second mark, KnoMii, (the "Infringing KnoMii Mark"), in

connection with Defendant's software application and on Defendant's various websites,

(together, the Infriging KnoMe Mark and the Infringing KnoMii Mark are sometimes hereinafter collectively referred to as the "Infringing Trademarks").

23.     Upon information and belief, on or about August 28, 2105, Defendant AppUsend filed, or caused to be filed, U.S. Trademark Application No. 86,740,297 for the mark KNOMII, claiming a date of first use anywhere and date of first use in commerce of August 4, 2015.

24.     Upon information and belief, in order to download Defendant's software application, which uses and displays one or both of the Infringing Trademarks, the consumer must access it through the Apple App Store or iTunes, where Defendant's software application is free to download, although users must purchase a membership with Defendant to render the software application functional.  The iTunes preview page provides screenshots of Defendant's software application, which prominently displays the Infringing Trademarks used in connection therewith. Additionally, the iTunes preview page describes Defendant's software application as follows:

> KNOME (pronounced KNOW-ME) is a cool new way to connect and share yourself with friends, associates and prospects. The Share KNOME mobile application ties into a powerful management website where you can setup what some might call a "digital business card" that displays all of your contact information, social media links, photos, videos, and a whole lot more. Unlike a paper business card, your KNOME is organic and personal, allowing you to update and change your information seen as much as you'd like. With the Share KNOME mobile application, you can easily share your KNOME with contacts from your mobile device's native phonebook in a few simple clicks. KNOME.. it's all about you!

A true and accurate screenshot of the iTunes preview page for the software application provided under the Infringing Trademarks is attached as **Exhibit 3**.

25.     The software provided under the Infringing Trademarks is similar to and/or closely related to the products and services provided by Plaintiff under its KNOWME Trademarks. Upon information and belief, users of the software provided under the Infringing Trademarks can

create unique profiles, connect with friends to build a network and participate in forums and online communities.

26.     Upon information and belief, on or about March 29, 2015, Defendant registered, or caused to be registered, the domain name shareknome.com.  Subsequently, Defendant has registered, or caused to be registered, other domain names, including, but not limited to, myknome.com, knome.biz, knome.mobi, knome.org, knome.xyz, knomii.mobi, myknomii.com, shareknowme.com, shareknomii.biz and shareknomii.com (collectively, the "Infringing Domain Names").  Currently, entering any of the Infringing Domain Names into a web browser redirects users to the URL http://www.shareknomii.biz/site/1/index.php?s=knomeceo (the "Infringing Website").  The Infringing Website prominently references and displays the Infringing Trademarks, and provides details regarding the features of the software application that displays the Infringing Trademarks.   The Infringing Website also allows users to access information relating to purchasing a membership with Defendant and Defendant's referral incentive program, wherein Defendant provides financial compensation to users who recruit other users to join Defendant's service.  A true and accurate screenshot of the homepage of the Infringing Website is attached as **Exhibit 4**.

27.     Upon information and belief, before March 29, 2015, Defendant:

    a.  never used the Infringing Trademarks and/or Infringing Doman Names, or any other word or mark that is identical or substantially similar to the KnowMe Trademarks, as a source identifier for any online social networking products or services in the United States or elsewhere; and

    b.  never applied to register a trademark that included the Infringing Trademarks, the Infringing Domain Names, or any other word or mark that is identical or substantially similar to, the KnowMe Trademarks.

28.     Upon information and belief, Defendant's adoption and unauthorized use of the

Infringing Trademarks and Infringing Domain Names began on about March 29, 2015, in

connection with the software provided under the Infringing Trademarks and/or other services

that are closely related to those of Plaintiff, was Defendant's first use in commerce of the

Infringing Trademarks, which occurred at least 14 months after Plaintiff filed its application for

U.S. Trademark Registration No. 4,782,767, and the pending U.S. Trademark Applications Ser.

No. 86167715, 86167721 and 86167724 with the USPTO and at least two months after

Plaintiff's first use of the KNOWME trademark at least as early as in December 2014.

29.     At no time has Plaintiff authorized, or consented to, Defendant's use of the

KNOWME trademark, or any other word or mark that is substantially similar thereto, or any of

Plaintiff's intellectual property, in connection with the distribution or sale of any goods or

services.  Additionally, at no time has Plaintiff had any affiliation, connection or association with

Defendant or Defendant's products or services.

30.     Defendant's unauthorized use of the Infringing Trademarks includes, but is not limited to,

use of the Infringing Trademarks on and in connection with Defendant's software application,

and on and/or in the Infringing Domain Names and the Infringing Website to advertise, promote,

distribute, offer for sale and/or sell Defendant's competing products and services.

31.     Defendant's unauthorized use of the Infringing Trademarks is likely to mislead, deceive

and confuse the relevant purchasing public and trade.  It is likely that consumers will mistakenly

believe that Defendant's software application and other goods and/or services offered, distributed

and/or sold under the Infringing Trademarks is connected, associated or in some way affiliated

with Plaintiff, when in fact no such affiliation, connection or association exists. Such confusion

damages Plaintiff's reputation and goodwill.

32.    In using the Infringing Trademarks, Defendant has willfully and deliberately sought to profit from Plaintiff's existing goodwill and reputation associated with the distinctive KNOWME trademark.

33.    As a result of Defendant's acts, Plaintiff has suffered, and will continue to suffer, damage and irreparable injury. Plaintiff has no adequate remedy at law, and unless Defendant is restrained and enjoined by this Court, Defendant will continue to cause damage and irreparable injury to Plaintiff and to damage its goodwill and business reputation.

**COUNT ONE**
**FEDERAL TRADEMARK INFRINGEMENT**
**(Section 32 of the Lanham Act, 15 U.S.C. § 1114)**

34.    Plaintiff repeats and realleges the allegations in paragraphs 1 through 33 above as though fully set forth herein.

35.    Plaintiff markets and sells in interstate commerce from this judicial district its goods in connection with its U.S. Trademark No. 4,782,767 for the mark KNOWME®, namely the KnowMe Application, and Defendant has adopted and has been advertising, distributing, selling, offering to distribute and/or offering for sale competing and closely related goods and services under the marks KNOME and KNOMII, which are substantially and confusingly similar to Plaintiff's registered trademark.

36.    Defendant's later adoption and use of a substantially similar imitation of Plaintiff's registered KNOWME Trademarks is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association that Plaintiff has with Defendant, or as to the origin, sponsorship or approval of Defendant's products and services.

37.    Defendant's unauthorized use of the Infringing Trademarks constitutes trademark infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

38.     Upon information and belief, Defendant has engaged in such trademark infringement knowingly, willfully, deliberately and in conscious disregard of Plaintiff's rights within the meaning of Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a).

39.     Plaintiff has been damaged, and will continue to be damaged, and Defendant has been unjustly enriched, by such unlawful conduct in an amount to be proven at trial.  As a result of Defendant's unauthorized use of the Infringing Trademarks, Plaintiff has suffered, and continues to suffer irreparable injury and loss of reputation and is therefore entitled to damages and any profits of Defendant in amounts to be proven at trial, in addition to attorneys' fees.

40.     Defendant's unauthorized use of the Infringing Trademarks has caused and, if not enjoined, will continue to cause, irreparable damage to the business, positive reputation and goodwill of Plaintiff, which cannot be adequately compensated solely by monetary damages. Plaintiff therefore has no adequate remedy at law and seeks permanent injunctive relief pursuant to Section 34(a) of the Lanham Act, 15 U.S.C. § 1116(a). The acts of Defendant were done in an intentional, willful, malicious and oppressive manner in conscious disregard of Plaintiff's rights. Accordingly, this case qualifies as an exceptional case pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117.

## COUNT TWO
## FEDERAL COMMON LAW TRADEMARK INFRINGEMENT
### (Section 43(a)(1) of the Lanham Act, 15 U.S.C. § 1125(a)(1))

41.     Plaintiff repeats and realleges the allegations in paragraphs 1 through 40 above as though fully set forth at length.

42.     Plaintiff is the senior user and owner of the KNOWME Trademarks.  Plaintiff uses the KNOWME Trademarks in interstate commerce for, among other things, internet based

social networking services provided via a downloadable software application, namely the KnowMe Application.

43.     Defendant's adoption and use of the Infringing Trademarks subsequent in time to Plaintiff's first use of the KNOWME Trademarks in interstate commerce is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association Plaintiff has with Defendant or as to the origin, sponsorship or approval of Defendant's products and services. Defendant's unauthorized use of the Infringing Trademarks constitutes common law trademark infringement under Section 43(a)(1) of the Lanham Act, 15 U.S.C. § 1125(a)(1).

44.     Upon information and belief, Defendant has engaged in such trademark infringement knowingly, willfully, deliberately and in conscious disregard of Plaintiff's rights within the meaning of Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a).

45.     Plaintiff has been damaged, and will continue to be damaged, and Defendant has been unjustly enriched, by such unlawful conduct in an amount to be proven at trial. As a result of Defendant's unauthorized use of the Infringing Trademarks, Plaintiff has suffered, and continues to suffer irreparable injury and loss of reputation and is therefore entitled to damages and any profits of Defendant in amounts to be proven at trial, in addition to attorneys' fees.

46.     Defendant's unauthorized use of the Infringing Trademarks has caused and, if not enjoined, will continue to cause, irreparable damage to the business, positive reputation and goodwill of Plaintiff, which cannot be adequately compensated solely by monetary damages. Plaintiff therefore has no adequate remedy at law and seeks permanent injunctive relief pursuant to Section 34(a) of the Lanham Act, 15 U.S.C. § 1116(a). The acts of Defendant were done in an intentional, willful, malicious and oppressive manner in conscious disregard of Plaintiff's rights. Accordingly, this case qualifies as an exceptional case pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117.

## COUNT THREE
## FALSE DESIGNATION OF ORIGIN
### (Section 43(a)(1) of the Lanham Act, 15 U.S.C. § 1125(a)(1))

47.     Plaintiff repeats and realleges the allegations in paragraphs 1 through 46 above as though fully set forth at length.

48.     Defendant's unauthorized and prominent use of the Infringing Trademarks on, or in connection with, the advertising, distribution, offering for sale and sale of Defendant's software application and other related goods and services conveys the misleading impression to the public that Defendant's business is affiliated, connected or associated with, Plaintiff and Plaintiff's business.

49.     Defendant's conduct creates a false designation of origin which is likely to cause confusion, mistake or to deceive as to the affiliation, connection, or association of Defendant with Plaintiff, and as to the origin, sponsorship or approval of Defendant's goods and services with the goods and services distributed, offered for sale and sold by Plaintiff under the KNOWME Trademarks.

50.     Defendant's unauthorized use of the Infringing Trademarks constitutes a false designation of origin under Section 43(a)(1) of the Lanham Act, 15 U.S.C. § 1125(a)(1).

51.     As a result of Defendant's conduct, Plaintiff has suffered, and continues to suffer irreparable injury and, if not enjoined, will continue to cause, irreparable damage to Plaintiff, which cannot be adequately compensated solely by monetary damages. Plaintiff therefore has no adequate remedy at law and seeks permanent injunctive relief pursuant to Section 34(a) of the Lanham Act, 15 U.S.C. § 1116(a).

14

## COUNT FOUR
## UNFAIR COMPETITION UNDER NEW YORK STATE LAW
### (State Common Law)

52.     Plaintiff repeats and realleges the allegations in paragraphs 1 through 51 above as though fully set forth at length.

53.     Defendant's unauthorized use of the Infringing Trademarks constitutes a use that is likely to cause confusion as to the source or origin of Defendant's products and services.

54.     Defendant's acts constitute unfair competition in violation of Plaintiff's rights under New York common law.

55.     Plaintiff is entitled to recover damages in an amount to be determined at trial, for Defendant's acts of unfair competition.

56.     The acts of Defendant are causing, or have caused, irreparable harm to Plaintiff that is not fully compensable in monetary damages and, unless permanently restrained by this Court, the harm will continue.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests that this Court enter an order providing for the following relief:

(1)     That Defendant and any of its agents, servants, employees, representatives, related companies and all others in active concert or participation with them, either directly or indirectly, be preliminarily and permanently enjoined and restrained from using the Infringing Trademarks or any other mark, logo, domain name, name or designation that creates a likelihood of confusion, mistake or deception with respect to the KNOWME Trademarks;

(2)     That Defendant and any of its agents, servants, employees, representatives, related companies and all others in active concert or participation with them, either directly

15

or indirectly, be required to immediately remove all uses of, and references to, the

Infringing Trademarks from all websites within Defendant's control, including from

the Infringing Domain Names and the Infringing Webiste;

(3)     A judgment ordering Defendant and any of its agents, servants, employees,

representatives, related companies and all others in active concert or participation

with them, either directly or indirectly, to relinquish the registrations of the domain

names for all of the Infringing Domain Names, and any other registration of domain

names that include or compromise the KNOWME Trademarks as part of the domain

name or otherwise colorably imitate the KNOWME Trademarks, and transfer same to

Plaintiff or its designee;

(4)     A judgment ordering the domain name registrar(s) of the Infringing Domain Names

to transfer the registrations of such Infringing Domain Names from Defendant and/or

its agents, servants, employees, representatives, related companies and all others in

active concert or participation with them, either directly or indirectly, to Plaintiff;

(5)     That Defendant be required to pay to Plaintiff any damages Plaintiff has sustained as

a result of Defendant's trademark infringement and Defendant be required to account

for, and disgorge to, Plaintiff all profits derived from their trademark infringement,

and that such award of damages and profits be trebled as allowed pursuant to

Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a);

(6)     That because of the exceptional nature of this case resulting from Defendant's

deliberate and willful conduct, this Court award to Plaintiff all reasonable attorney's

fees, costs and disbursements incurred by Plaintiff as a result of this action, pursuant

Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a); and

(7)     That Plaintiff be granted such other, further and different relief as the Court deems

just and proper.

## JURY DEMAND

Plaintiff demands a jury trial.

Respectfully submitted,

Dated: November 12, 2015             By:   /s/ Robert L. Powley_____ ___
                                           Robert L. Powley (RP7674)
                                           Thomas H. Curtin (TC5753)
                                           David A. Jones (DJ7768)

                                           POWLEY & GIBSON, P.C.
                                           304 Hudson Street, Suite 202
                                           New York, NY 10013
                                           Telephone: (212) 226 5054
                                           Facsimile: (212) 226 5085
                                           rlpowley@powleygibson.com
                                           thcurtin@powleygibson.com
                                           dajones@powleygibson.com

                                           Counsel for Plaintiff